Filed 11/8/21  P. v. Cooper CA5

<u>**NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS**</u>

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

# IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

# FIFTH APPELLATE DISTRICT

|  |  |
|---|---|
| THE PEOPLE,<br><br>    Plaintiff and Respondent,<br><br>        v.<br><br>COYETTA LYNN COOPER,<br><br>    Defendant and Appellant. | F081497<br><br>(Super. Ct. No. BF103655A)<br><br><br>**OPINION** |

### THE COURT*

APPEAL from an order of the Superior Court of Kern County.  Colette M. Humphrey, Judge.

Steven A. Torres, under appointment by the Court of Appeal, for Defendant and Appellant.

Xavier Becerra, Attorney General, Lance E. Winters, Chief Assistant Attorney General, Michael P. Farrell, Assistant Attorney General, Eric Christoffersen, Lewis A. Martinez and Louis M. Vasquez, Deputy Attorneys General, for Plaintiff and Respondent.

-ooOoo-

_____

*Before Levy, Acting P. J., Peña, J. and Snauffer, J.

**INTRODUCTION**

In 2004, defendant Coyetta Lynn Cooper pleaded no contest to second degree murder (§ 187, count 1). After the passage of Senate Bill No. 1437 (2017–2018 Reg. Sess.) (Senate Bill 1437), defendant filed a Penal Code section 1170.95 petition for resentencing. (Undesignated statutory references are to the Penal Code.) The court denied the petition without issuing an order to show cause. Defendant now challenges the denial of her petition, asserting the record did not establish she was categorically ineligible for relief, and the court erred in using the facts presented in the probation report as a basis for denying her petition.

We reverse the court's order and remand for further proceedings consistent with this opinion.

**FACTUAL AND PROCEDURAL BACKGROUND**

*Charge and Plea*

In 2003, defendant was charged with first degree murder (§ 187, count 1); assault of a child under the age of eight by means of force likely to cause great bodily injury which results in death (§ 273ab, count 2), and felony child endangerment (§ 273a, subd. (a), count 3). In 2004, defendant pleaded no contest to second degree murder (§ 187, count 1) and the remaining charges were dismissed.[1] At the plea hearing, the parties stipulated there was a factual basis for the plea without referencing any particular facts or documents.

*Presentence Probation Report*

The presentence probation report submitted to the court included a summary of the circumstances of the offense taken from a report completed by the Kern County Sheriff's Department, which stated in part:

"On August 4, 2003, at approximately 6:40 a.m., the victim … age 1, was taken to Kern Medical Center for medical treatment by his caretaker,

---

[1]Defendant subsequently moved to withdraw her plea. The request was denied.

the defendant, Coyetta Cooper. [The victim] was possibly dead upon arrival at the hospital and medical staff noted there was apparent trauma to his abdomen and rectum. At that time homicide proceedings were initiated.

"Upon their arrival at the hospital, detectives first made contact with Coroner Investigator Madelaine Kaiser. Kaiser informed the detectives [the victim] had several visible injuries on his body and his anus appeared to have trauma and human tissue was visible in his diaper."

According to the probation report, defendant reported to police she was the victim's caretaker; she also cared for his four other siblings. She informed officers she had bathed the victim the night before his death and he did not act like he was hurt. Defendant "was insistent she never saw any injuries on the victim and she never saw any blood." She stated the morning of the victim's death, she told him to get up. He replied "'Okay Momma'" and then he laid down and stopped breathing all of a sudden. Defendant reported she began screaming and her neighbor Adell Barazas ran over to defendant's apartment. Defendant and Barazas got in the car to take the victim to the hospital; but they first went looking for defendant's husband, Keithen Cooper. They located Keithen, and he drove them to the hospital.

Defendant denied she or Keithen hurt the victim. She stated she did not know how this could have happened, and denied ever seeing Keithen molest any of the children in her care. She reported her apartment was secure and no one could have gotten into her residence and harmed the victim. "[S]he informed officers she understood [the victim]'s death occurred during her watch, but she did not cause his injuries intentionally or accidentally and she was not covering up for anyone either. She informed the officers she never crossed the line of child abuse while disciplining any of the children and she would cry often afterwards if she did have to discipline the children."

The probation report also stated the officer contacted Adell Barazas and Keithen Cooper. Barazas denied ever seeing defendant or Keithen abuse the children. Keithen informed the police he was not currently living in the home. He denied defendant would

3.

hurt the victim. He also denied that any of the other children would have hurt the victim; Keithen stated, "I don't know what happened. Just strange."[2]

The probation report further noted, "[d]uring the course of the investigation regarding the death of [the victim], the defendant and her husband, Keithen Cooper, were also being investigated regarding possible molest of several children who resided in their home beginning in 1993 to the present day." Keithen was subsequently arrested and booked into the Kern County jail. The defendant was also arrested for molesting children and failing to prevent the abuse of a child at the hands of her husband.

### Petition for Resentencing

In 2019, defendant submitted a petition for resentencing pursuant to section 1170.95 using a preprinted form. She checked boxes stating she pleaded guilty or no contest to first or second degree murder in lieu of going to trial because she believed she could have been convicted of first or second degree murder pursuant to the felony-murder rule or the natural and probable consequences doctrine and she was not the actual killer. She also checked a box stating, "I request that this court appoint counsel for me during this re-sentencing process."

In the People's opposition to the petition, they derived their statement of facts "primarily from the pre-sentence [probation] report." They argued those facts established defendant was the actual killer and, accordingly, she had failed to meet her burden of making a prima facie showing of eligibility for relief. They also argued defendant could not have been prosecuted under the felony-murder rule because felony child endangerment (§ 273a, subd. (a)) or an assault crime such as that charged pursuant to section 273ab could not form the basis for a prosecution for felony murder.

---

[2]According to the probation report, "officers arranged to conduct computer voice stress analysis interviews with Keithen and [defendant]. Throughout the interview, Keithen and [defendant] denied any involvement in causing the blunt force trauma which had killed [the victim]. The voice stress analysis indicated deception on the answers to the relevant questions by both Keithen and [defendant]."

4.

The court appointed defendant counsel who filed a reply to the People's opposition brief. Defendant's reply brief also included a statement of facts containing many of the facts included in the factual summary in the probation report. Defendant acknowledged she "was the only person charged with the murder of [the victim]." However, she argued "the theory relied upon for her murder conviction is not necessarily clear as [she] did not proceed to preliminary hearing and the facts ascertained within the police reports and probation report do not clearly establish that [she] directly caused the injuries to [the victim]." And, given defendant's husband's history of molestation— including forced anal penetration—it could be argued he injured the victim during an act of molestation that resulted in the victim's death. Accordingly, defendant could have been prosecuted as the actual killer or as an aider and abettor of her husband under the natural and probable consequences theory.

After the parties submitted briefing, the court denied the petition. In so holding, the court explained:

> "I'm going to make a specific finding that [defendant]'s failed to make a prima facie showing that she's eligible for this relief, and find that there's no circumstances under which this is a conviction that was under an aiding and abetting theory, or probable consequence theory, that she was actually the person responsible for the death of the child. So she doesn't qualify for the relief under this statute, so I'm going to deny the request."

**DISCUSSION**

Defendant challenges the denial of her petition for resentencing. For the reasons that follow, we agree the court erred in denying defendant's petition without issuing an order to show cause or holding an evidentiary hearing.

1. **Senate Bill 1437 and Section 1170.95**

On September 30, 2018, the Governor signed Senate Bill 1437, which became effective on January 1, 2019. Senate Bill 1437 "amend[ed] the felony murder rule and the natural and probable consequences doctrine, as it relates to murder, to ensure that murder liability is not imposed on a person who is not the actual killer, did not act with

5.

the intent to kill, or was not a major participant in the underlying felony who acted with reckless indifference to human life." (Stats. 2018, ch. 1015, § 1, subd. (f).) It amended section 188, which defines malice, and section 189, which defines the degrees of murder to address felony-murder liability, and it added section 1170.95, which provides a procedure by which those convicted of murder can seek retroactive relief if the changes in the law would affect their previously sustained convictions. (Stats. 2018, ch. 1015, §§ 2–4.)

Accordingly, section 188 now provides that, "[e]xcept as stated in subdivision (e) of Section 189, in order to be convicted of murder, a principal in a crime shall act with malice aforethought. *Malice shall not be imputed to a person based solely on his or her participation in a crime*." (§ 188, subd. (a)(3), italics added.) The change reflects the Legislature's intent that "[a] person's culpability for murder must be premised upon that person's own actions and subjective mens rea." (Stats. 2018, ch. 1015, § 1, subd. (g).)

Additionally, section 189 previously stated, "All murder … which is committed in the perpetration of, or attempt to perpetrate, arson, rape, carjacking, robbery, burglary, mayhem, kidnapping, train wrecking, or any act punishable under Section 206, 286, 288, 288a, or 289, or any murder which is perpetrated by means of discharging a firearm from a motor vehicle, intentionally at another person outside of the vehicle with the intent to inflict death, is murder of the first degree." Senate Bill 1437 amended section 189, in part, by adding subdivision (e), which provides:

> "A participant in the perpetration or attempted perpetration of a felony listed in subdivision (a) in which a death occurs is liable for murder only if one of the following is proven: [¶] (1) The person was the actual killer. [¶] (2) The person was not the actual killer, but, with the intent to kill, aided, abetted, counseled, commanded, induced, solicited, requested, or assisted the actual killer in the commission of murder in the first degree. [¶] (3) The person was a major participant in the underlying felony and acted with reckless indifference to human life, as described in subdivision (d) of Section 190.2."

Section 1170.95 permits those "convicted of felony murder or murder under a natural and probable consequences theory [to] file a petition with the court that sentenced the petitioner to have the petitioner's murder conviction vacated and to be resentenced on any remaining counts …."[3]  (*Id.*, subd. (a).)  An offender may file a petition under section 1170.95 where all three of the following conditions are met:

> "(1) A complaint, information, or indictment was filed against the petitioner that allowed the prosecution to proceed under a theory of felony murder or murder under the natural and probable consequences doctrine[;] [¶] (2) The petitioner was convicted of first degree or second degree murder following a trial or accepted a plea offer in lieu of a trial at which the petitioner could be convicted for first degree or second degree murder[;] [¶] [and] (3) The petitioner could not be convicted of first or second degree murder because of changes to Section 188 or 189 made effective January 1, 2019."
> (§ 1170.95, subd. (a)(1)–(3).)

A trial court receiving a petition under section 1170.95 "shall review the petition and determine if the petitioner has made a prima facie showing that the petitioner falls within the provisions of this section."  (§ 1170.95, subd. (c).)  In making this determination, "'"the court takes petitioner's factual allegations as true and makes a preliminary assessment regarding whether the petitioner would be entitled to relief if his or her factual allegations were proved.  If so, the court must issue an order to show cause."'"  (*People v. Lewis* (2021) 11 Cal.5th 952, 971.)

"[T]he parties can, and should, use the record of conviction to aid the trial court in reliably assessing whether a petitioner has made a prima facie case for relief under subdivision (c)."  (*People v. Lewis*, *supra*, 11 Cal.5th at p. 972.)  However, "the prima facie inquiry under subdivision (c) is limited."  (*Id.* at p. 971.)  "In reviewing any part of the record of conviction at this preliminary juncture, a trial court should not engage in 'factfinding involving the weighing of evidence or the exercise of discretion'" or "'reject

---

[3]The Legislature recently passed, and the Governor signed, a bill amending section 1170.95.  (Sen. Bill No. 775 (2021–2022 Reg. Sess.).)  The amendments are not yet effective (Cal. Const., art. IV, § 8, subd. (c)(1)) and, in any event, would not alter our analysis.  We quote from the version of section 1170.95 presently in effect.

7.

the petitioner's factual allegations on credibility grounds without first conducting an evidentiary hearing.'" (*Id.* at pp. 972, 971.) "'However, if the record, including the court's own documents, "contain[s] facts refuting the allegations made in the petition," then "the court is justified in making a credibility determination adverse to the petitioner."'" (*Id.* at p. 971.)

If the petitioner has made a prima facie showing, the trial court "must issue an order to show cause." (*People v. Lewis*, *supra*, 11 Cal.5th at p. 971.) The trial court must then hold a hearing "to determine whether to vacate the murder conviction and to recall the sentence and resentence the petitioner on any remaining counts in the same manner as if the petitioner had not been previously been [*sic*] sentenced, provided that the new sentence, if any, is not greater than the initial sentence." (§ 1170.95, subd. (d)(1).) If a hearing is held, "[t]he prosecutor and the petitioner may rely on the record of conviction or offer new or additional evidence to meet their respective burdens." (§ 1170.95, subd. (d)(3).) "[T]he burden of proof shall be on the prosecution to prove, beyond a reasonable doubt, that the petitioner is ineligible for resentencing." (*Ibid.*) "If the prosecution fails to sustain its burden of proof, the prior conviction, and any allegations and enhancements attached to the conviction, shall be vacated and the petitioner shall be resentenced on the remaining charges." (*Ibid.*)

**2. The Trial Court Erred in Failing to Issue an Order to Show Cause**

Defendant argues the court erred in denying her petition without issuing an order to show cause. She asserts she filed a facially sufficient petition pleading facts which, if true, would entitle her to relief. She further contends she entered a plea pursuant to *People v. West* (1970) 3 Cal.3d 595 and, thus, she "never admitted she was the killer nor that she was actually guilty of the crime." Additionally, the court accepted the plea without a factual basis. She argues the court should not have reviewed the probation report or used it to form the basis of the denial of her petition. She further contends she could have been prosecuted under the natural and probable consequences theory. The

8.

People do not dispute defendant filed a facially sufficient petition. Instead, they respond the court properly considered the probation report as part of the record of conviction and used it to conclude defendant was ineligible for relief because she was convicted as the actual killer. They argue defendant's challenge to the court's consideration of the probation report on appeal is forfeited because she did not object below and she relied on the report in her reply to the People's opposition to the petition.

It is true both parties discussed facts included in the probation report in their section 1170.95 petition briefing below. And defendant did not object to the People's reference to or the court's consideration of such facts in rendering its decision on defendant's petition for resentencing. However, defendant never stipulated the facts contained in the probation report established the factual basis for her no contest plea to second degree murder. (See *People v. Cooper* (2020) 54 Cal.App.5th 106, 111–112, 123–126, rev. granted Nov. 10, 2020, S264684 [facts implied from preliminary hearing transcript were insufficient to defeat § 1170.95 petition at prima facie stage where defendant did not stipulate they formed factual basis of plea and defendant did not have opportunity to challenge testimony].) Moreover, in the current proceeding, defendant disputes the facts in the probation report establish she was prosecuted as the actual killer.

Irrespective, we need not decide whether the court was entitled to consider such evidence at the prima facie stage because, even considering the facts in the probation report, the record before us does not establish defendant was categorically ineligible for relief as a matter of law. That is, neither the record of conviction nor the probation report conclusively establishes the theory on which defendant was convicted or contains facts refuting the allegations made in defendant's petition. (See *People v. Rivera* (2021) 62 Cal.App.5th 217, 233, 237, rev. granted June 9, 2021, S268405 [noting record of conviction related to plea to murder generally lacks assurance of basis of conviction as can be ascertained from jury trial].)

Rather, the record reflects defendant was generically charged with murder, without specifying the theory on which the prosecution intended to proceed. (See *People v. Rivera*, *supra*, 62 Cal.App.5th at p. 233, rev. granted [holding generic manner in which murder was charged did not limit People to prosecuting defendant on any particular theories; "neither felony murder nor murder under the natural and probable consequences doctrine need be separately pleaded"].) And, while defendant pleaded no contest to second degree murder and the probation report reflects she admitted the victim's "death occurred during her watch," the report also states defendant repeatedly denied causing the victim's injuries. Thus, whether defendant was the "actual killer" was a disputed fact. (See *Rivera*, at p. 234 [defendant not ineligible for relief as a matter of law where he "made no admissions related to the murder other than pleading no contest to the count as charged"].) And, in order to conclude defendant was prosecuted solely on the theory she was the actual killer, the court necessarily had to conduct a substantive evaluation of the evidence presented in the probation report, which was not permissible at the prima facie stage. (See *People v. Cooper*, *supra*, 54 Cal.App.5th at p. 124 [court necessarily engaged in factfinding at prima facie stage to conclude defendant could still be convicted of murder after Senate Bill 1437 given lack of clarity regarding defendant's role in killing]; accord, *People v. Lewis*, *supra*, 11 Cal.5th at p. 972 ["trial court should not engage in 'factfinding involving the weighing of evidence or the exercise of discretion'" at prima facie stage].)

Put differently, this is not a situation where undisputed facts or admissions by defendant in the record conclusively establish she was only prosecuted as the actual killer or on some other ground rendering her categorically ineligible for relief. Rather, the probation report reflects there was a fact issue regarding defendant's exact role in the victim's death. And no other documents in the record of conviction rebut defendant's contention in her petition that she pled guilty or no contest to first or second degree murder in lieu of going to trial because she believed she could have been convicted of

10.

first or second degree murder at trial pursuant to the felony-murder rule or the natural and probable consequences doctrine. Thus, the trial court should have accepted the defendant's factual assertions in her petition as true, issued an order to show cause, and proceeded to an evidentiary hearing. (See *People v. Lewis*, *supra*, 11 Cal. 5th at p. 971 ["'[A] court should not reject the petitioner's factual allegations on credibility grounds without first conducting an evidentiary hearing'"]; *People v. Duchine* (2021) 60 Cal.App.5th 798, 815 ["absent a record of conviction that conclusively establishes that the petitioner engaged in the requisite acts and had the requisite intent, the trial court should not question [the petitioner's] evidence"]; cf. *People v. Nguyen* (2020) 53 Cal.App.5th 1154, 1166–1168 [concluding preliminary hearing transcript, which parties stipulated provided factual basis for guilty plea, established defendant was direct aider and abettor].)

Accordingly, we reverse the court's order denying the petition and remand for the court to issue an order to show cause and hold an evidentiary hearing to determine whether to vacate defendant's murder conviction.

## DISPOSITION

The order denying the section 1170.95 petition is reversed. On remand, the sentencing court is directed to issue an order to show cause and to conduct further proceedings as required under section 1170.95, subdivision (d), in light of the principles set forth herein.